UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN DOUGLAS DIAMOND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | NO.  CV 13-8042-GHK (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge, Plaintiff's two sets of objections (Dkt. Nos. 75, 82) and Defendant's reply to the first set of objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.

First, Plaintiff argues that leave to amend should be granted as to the first claim for relief under 26 U.S.C. § 7434 so he may assert that claim under 26 U.S.C. § 7433. (Objections ¶ 29.)  Section 7433 waives sovereign immunity "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title."  Plaintiff's first claim alleges that IRS employees "altered Forms 1099 to

attribute withholding from plaintiff's account at Ameritrade to an unknown party," "erased records of withholding from plaintiff's account" and altered Form 1116. (Complaint ¶¶ 6, 147-48, 230.)  Plaintiff's proposed amendment would be futile because a taxpayer may not bring a claim under § 7433 for the wrongful determination of the tax owed.  *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995).

Second, Plaintiff argues that leave to amend should be granted as to the third claim for relief under *Bivens*[1] based on the Fifth Amendment privilege against self incrimination.  The Report and Recommendation correctly concluded that a *Bivens* claim cannot be stated against the United States, its agencies or individual IRS employees.  (R&R at 14.)  Plaintiff argues that he should be permitted to state a *Bivens* claim against individual attorneys in the Department of Justice who opposed him in court.  (Objections ¶ 31.)  The complaint alleges:

> [D]efendant (Department of Justice) repeatedly complained in courts that returns submitted by plaintiff and spouse omitted information that would cause a filer to be a witness against the person's self in a criminal case, even after plaintiff repeatedly offered to provide the same testimony and information under seal as he had provided under seal in United States Tax Court, defendant's actions deprived plaintiff and spouse of civil rights in violation of Amendment V to the United States Constitution, violation of equal protection, and a consideration amount of case law.

(Complaint ¶ 244.)  Plaintiff's opposition brief identified Kathryn Keneally (former Assistant Attorney General of the Tax Division) and two other attorneys in the Tax Division, Janet A. Bradley and Bridget M. Rowan.  (Opposition ¶ 42.)  Plaintiff's

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

declaration (which is the subject of a motion for leave to file under seal (Dkt. Nos. 26-27)) confirms that Plaintiff complains of counsel's submissions to courts.

Leave to amend would be futile because the Tax Division attorneys would at a minimum be protected by qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 2083 (citation omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Plaintiff has not identified any judicial opinion that has held a Government attorney can violate Fifth Amendment rights simply by arguing a client's position to a court. Plaintiff cites two cases that do not involve an attorney's advocacy in court. *See Davis v. Passman*, 442 U.S. 228, 229, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979) (complaint alleged employer violated due process clause of Fifth Amendment by firing employee because she was a woman); *Carlson v. Green*, 446 U.S. 14, 16, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980) (complaint alleged federal prison officials' inadequate medical care caused son's death). This court has not located any such judicial opinion.[2] This is not surprising given that Plaintiff's argument would preclude

---

[2] *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009) (under § 1983, prosecutor has absolute immunity when acting as officer of court despite claim that he and chief assistant committed constitutional violation in withholding *Brady* material); *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (under § 1983, prosecutor has absolute immunity in initiating prosecution and presenting state's case).

1 | the Government from ever challenging in court the validity of an opposing party's
2 | assertion of the Fifth Amendment privilege.
3 |       Third, Plaintiff argues that leave to amend should be granted as to the fourth,
4 | fifth and sixth claims for relief.  Plaintiff does not contend that he paid the frivolous
5 | filing penalties or filed administrative claims for refund, allegations that must be
6 | pleaded to state a claim for relief.  (Report at 15-16.)  Instead, Plaintiff argues that he
7 | has unsuccessfully sought refunds in Tax Court (or other courts) that exceed the
8 | amounts of the penalties he owes.  (Objections ¶ 32.)  Leave to amend would be
9 | futile because this allegation would be insufficient to state a claim.
10 |       Plaintiff's remaining objections are without merit.
11 |       The United States notes, as did the Report, that the complaint failed to identify
12 | the specific penalty assessments at issue.  Defendant states that this court's
13 | dismissal of the fourth, fifth and sixth causes of action "should not preclude plaintiff
14 | from contesting the frivolous filing penalty assessed for his 2008 taxable year in the
15 | future should he fully pay the penalty and file suit in District Court." (Reply at 4.)
16 |       IT IS ORDERED that Judgment be entered denying and dismissing this action.
17 | This dismissal does not preclude Plaintiff from challenging the frivolous filing penalty
18 | assessed for his 2008 taxable year in the future should he fully pay the penalty.

DATED:   1/5/15

GEORGE H. KING
United States District Judge